IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMY LEE WHITE, JR.                                                                         PETITIONER

VS.                                                             CIVIL ACTION NO.  3:18cv23-DPJ-FKB

WARDEN MARY RUSHING and
VICTOR MASON                                                                                  RESPONDENTS

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Tommy Lee White, Jr.  At the time of filing, White was a pretrial detainee being held at the Hinds County Detention Center after being indicted on three separate counts of receiving stolen goods in violation of Mississippi Code Annotated § 97-17-70.  In the petition, White alleges that, since his detention on the receipt of stolen property charges, he has been charged with, but not indicted on, additional crimes of conspiracy to introduce contraband, conspiracy of contraband, and gang affiliated activity.  [1] at 2.  He argues that no process has been served on him on the contraband-related charges, that he has been denied a full hearing on the charges, and that these new charges have prevented him from making bond.  *Id.* at 6-8.  He asks for a full hearing on the contraband-related charges, that he be allowed to make bond, or that he be released immediately.  *Id.* at 8.

Presently before the Court is Respondent's Motion to Dismiss [7].  White has filed a Motion to Proceed and Modify-Amend [8], which the Court interprets as White's response to the motion to dismiss.  Contrary to White's assertions, exhibits to the motion to dismiss demonstrate that White has had an initial appearance on the new charges related to introduction of contraband.  [7-2] at 1.  The State asserts, furthermore, that White was not eligible for bond on

the new charges under state law, and that the new charges were due to be presented to the grand jury in April 2018.  More importantly to the Court, the State argues that White has failed to present his claims of a lack of indictment or denial of a speedy trial on the contraband charges to the Hinds County Circuit Court.  Having considered the filings, the undersigned finds that the motion to dismiss should be granted.

A state court prisoner may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).  However, relief under § 2241 is not available where, as in the present case, the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial.  *Id*.  Thus, White's allegation of a speedy trial violation fails to state a claim.

Furthermore, broadly construing his petition as an objection to his lack of a bond and an indictment on the contraband-related charges, White has not shown that he has exhausted his state court remedies on these claims.  *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies).  Although he attaches to his petition a "Motion to Show Cause" that demands a bond or, alternatively, a dismissal of the charges, White has failed to show that it has been filed.  *See* [1-1].  Regardless, White has failed to show that he has exhausted his state court remedies.  Therefore, this Court may not entertain these grounds for relief.

For these reasons, the undersigned recommends that Respondent's motion to dismiss be granted.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of June, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE