UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMY LEE WHITE, JR.                                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:18-CV-23-DPJ-FKB

WARDEN MARY RUSHING, ET AL.                                         RESPONDENTS

ORDER

Respondents ask the Court to dismiss Petitioner Tommy Lee White, Jr.'s Petition for

Habeas Corpus Relief [1]. United States Magistrate Judge F. Keith Ball entered a Report and

Recommendation ("R&R") [11] recommending that the Court grant Respondents' motion

because White failed to state a claim for relief and failed to exhaust state-court remedies.

Having fully considered White's Objection [12] to the R&R, the Court agrees with Judge Ball.

White is a pretrial detainee at the Hinds County Detention Center. In his Petition [1] and

Motion to Amend [8] his Petition, White asserts a number of procedural deficiencies in his

criminal case—mostly based on state law. Whether he can state a claim based on those alleged

deficiencies turns in part on the relief he seeks.[1]

In *Brown v. Estelle*, the Fifth Circuit held that generally a petitioner may not "abort a

state proceeding or [ ] disrupt the orderly functioning of state judicial processes" absent special

circumstances. 530 F.2d 1280, 1283 (5th Cir. 1976). While a defendant may seek habeas relief

"to force the state to go to trial," he may not normally "attempt to dismiss an indictment or

otherwise prevent a prosecution." *Id.*

---

[1] There are other grounds for dismissal as to some of his issues, including the fact that "federal habeas relief is unavailable for state law violations." *Austin v. Davis*, 647 F. App'x 477, 486 (5th Cir. 2016).

White seeks just that. In his own words, White "is not challenging the delay of the Indictment or speedy trial but the illegal[ity] of his confinement." Pet'r's Obj. [12] at 8. He therefore seeks an order "dismissing the alleged charges and releasing the petitioner immediately." Pet'r's Mot. [8] at 4. White thus describes the very case *Brown* precludes absent "special circumstances," something he has not demonstrated. 530 F.2d at 1282. Accordingly, the Court adopts Judge Ball's R&R over White's Objection.

To the extent White's Petition can be construed as seeking other relief, Judge Ball correctly found that White failed to exhaust his state-court remedies. According to the Fifth Circuit:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson v. State of Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987); *see also* R&R [11] at 2. As Judge Ball noted, White did submit a "Motion to Show Cause," but there is no proof White actually filed it or that the motion itself would satisfy the exhaustion requirement. R&R [11] at 2.[2]

White presses the issue again in his Objection, arguing that the "Motion to Show Cause" had been "present within Hinds County Circuit Court" for some time. Pet'r's Obj. [12] at 2–3. But even assuming White did file the motion, it would still fall short. As frequently noted by other courts, pretrial detainees like White are "required to seek relief from the highest court of the State." *Singletary v. Adam*, No. 1:12CV297-HSO-RHW, 2013 WL 588150, at *1 (S.D.

---

[2] Respondents observe that the motion lacked a "Filed" stamp or any other indicator that White actually submitted it. *See* Resp't's Mot. [7] at 2–3. Further, the Hinds County Circuit Clerk's Office has confirmed that the motion was not filed. *See* Resp't's Resp. [14] at 2.

Miss. Feb. 13, 2013) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 840 (1999); *D .D. v. White,* 650 F.2d 749, 750 (5th Cir. 1981)).  White has not shown that he presented his motion to the trial court, much less the Mississippi Supreme Court.  He therefore fails to demonstrate that he exhausted his claims.

One final housekeeping matter remains.  After Respondents moved to dismiss, White filed a "Motion to Proceed and Modify-Amend" [8].  Judge Ball construed the submission as White's response to the dispositive motion.  *See* R&R [11] at 1.  The Court agrees with that conclusion.  But even if White truly sought leave to amend, the amendment would be futile because it confirms that he seeks the relief *Brown* forecloses and otherwise fails to establish that he exhausted his claims.  Accordingly, White's Motion [8] is denied.

It is, therefore, ordered that the Report and Recommendation [11] of United States Magistrate Judge F. Keith Ball is adopted as the opinion of this Court.  Respondents' Motion to Dismiss [7] is granted, and this case is dismissed without prejudice for failure to exhaust.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 6th day of August, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE